COURT
OF APPEALS

                                       SECOND
DISTRICT OF TEXAS

                                                   FORT
WORTH

 

 

                                        NO.
2-08-094-CR

 

 

TYRONE ALLEN                                                                   APPELLANT

 

                                                   V.

 

THE STATE OF TEXAS                                                                STATE

 

                                              ------------

 

           FROM THE 213TH
DISTRICT COURT OF TARRANT COUNTY

 

                                              ------------

 

                                MEMORANDUM OPINION[1]

 

                                              ------------

Appellant Tyrone Allen appeals his conviction and
sentence for possession of heroin.  We
affirm.








Appellant entered an open plea of guilty before
the trial court and received three years=
deferred adjudication probation.  The
State subsequently petitioned the trial court to proceed to adjudication,
alleging that appellant had violated five conditions of his probation.  At a hearing on the State=s
petition, appellant pleaded Anot true@ to four
of the allegations and Atrue@ to one
of them.  The trial court adjudicated
appellant guilty and sentenced him to twelve months=
confinement in state jail.

Appellant=s
court-appointed appellate counsel has filed a motion to withdraw as counsel and
a brief in support of that motion.  In
the brief, counsel avers that, in his professional opinion, the appeal is
frivolous.  In accordance with Anders
v. California,[2]
counsel presents as potential issues for review whether the trial court abused
its discretion in adjudicating appellant guilty and whether the trial court
abused its discretion by refusing appellant=s
request to replace his court-appointed attorney.  We gave appellant the opportunity to file a
pro se brief but he has not filed one. 
The State also has not filed a brief.

Once an appellant=s
court-appointed attorney files a motion to withdraw on the ground that the
appeal is frivolous and fulfills the requirements of Anders, this court
is obligated to undertake an independent examination of the record.[3]  Only then may we grant counsel=s motion
to withdraw.[4]








After having carefully reviewed the record and
counsel=s brief,
we agree with counsel that this appeal is wholly frivolous and without merit.[5]  Accordingly, we grant counsel=s motion
to withdraw and affirm the trial court=s
judgment.

 

PER
CURIAM

 

PANEL:  CAYCE, C.J.; McCOY and MEIER, JJ.

 

DO NOT PUBLISH

Tex. R. App. P. 47.2(b)

 

DELIVERED:  February 19, 2009











[1]See Tex. R. App. P. 47.4.





[2]386 U.S. 738, 87 S. Ct.
1396 (1967).





[3]See Stafford v. State, 813 S.W.2d 503, 511
(Tex. Crim. App. 1991); Mays v. State, 904 S.W.2d 920, 922B23 (Tex. App.CFort Worth 1995, no
pet.).





[4]See Penson v. Ohio, 488 U.S. 75, 82B83, 109 S. Ct. 346, 351
(1988).





[5]See Bledsoe v. State, 178 S.W.3d 824, 827B28 (Tex. Crim. App.
2005); see also Meza v. State, 206 S.W.3d 684, 685 n.6 (Tex. Crim. App.
2006).